■ DIANE LALLAVE, Respondent, et al., Plaintiff, v CITY OF NEW YORK et al., Appellants.—In an action to recover damages for personal injuries, etc., arising from medical malpractice, the defendants appeal from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated July 9, 1985, as declared the notices of claim served upon the defendants City of New York and New York City Health and Hospitals Corporation valid and timely served, declared the action previously commenced against those defendants to be valid and timely insofar as the infant's cause of action is concerned, and ordered production of all relevant hospital records.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the action is dismissed in its entirety.

The infant plaintiff was born on April 23, 1968, at Cumberland Hospital. It is alleged that as a result of the negligence of hospital personnel affiliated with delivery and pre- and postnatal care, the infant sustained brain damage which is believed to be permanent in nature. A notice of claim was served upon the New York City Health and Hospitals Corporation on May 1, 1984, and against the City of New York on May 3, 1984. The notice was patently untimely.

While claimants whose tort claims against public corporations accrued within one year prior to the September 1, 1976, effective date of the amendment to General Municipal Law § 50-e (5) may take advantage of the expanded guidelines set forth therein, the amendment does not apply retroactively to revive claims which accrued more than one year prior to its effective date *(see, Matter of Beary v City of Rye,* 44 NY2d 398). Inasmuch as the infant plaintiff's claim arose almost 8½ years prior to the date on which the amendments went into effect, the plaintiffs' application was governed by the prior wording of that section. Under the prior wording, an application for leave to file a late notice of claim must have been made within one year after the occurrence of the event upon which it was based, a time bar which was not tolled by infancy *(Soloff v Board of Educ.,* 90 AD2d 829, 830, *lv denied*

59 NY2d 602). Under the circumstances, the notices of claim served in May 1984 were patently untimely.

Assuming, arguendo, that the amended version of General Municipal Law § 50-e (5) were applicable here, the plaintiffs' application should have been denied in its entirety in fairness to the defendants notwithstanding the claimant's infancy *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 265-266; *Montana v City of New York,* 96 AD2d 1031, 1032; *Goudie v County of Putnam,* 95 AD2d 823). The Supreme Court's revival of the infant plaintiffs' stale claim would result in irreparable prejudice to the defendants, who lacked any substantive knowledge of that claim, particularly since the defendant Cumberland Hospital has since been closed and its staff disbanded.

Under the circumstances, it was error for the Supreme Court to have declared the notice of claim valid with respect to the infant's claim and to have ordered discovery. The failure to serve a timely notice of claim requires dismissal of the action *(see, Mills v County of Monroe,* 59 NY2d 307, *cert denied* 464 US 1018; *McSpedon v Liberty Lines,* 109 AD2d 731). Mangano, J. P., Bracken, Weinstein and Rubin, JJ., concur.