■ In the Matter of THOMAS COYNE, Respondent, v COLD. SPRING HARBOR CENTRAL SCHOOL DISTRICT, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the appeal is from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered November 26, 1986, which granted the application.

Ordered that the judgment is reversed, on the law and as a matter of discretion, without costs or disbursements, and the application is denied.

Although the petitioner purports to justify the delay of almost two years from the date of the incident until the date of his initial application on the ground that he was an infant at the time it occurred, he offers no excuse for the 10-month delay in seeking relief pursuant to General Municipal Law § 50-e (5) once he attained his majority. Infancy does not automatically entitle a claimant to an extension of the 90-day notice requirement of General Municipal Law § 50-e (1) *(cf., Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). "Were we to find the delay here excusable, precious little of section 50-e of the General Municipal Law would survive in this department" *(Matter of Morris v County of Suffolk,* 88 AD2d 956, 957, *affd* 58 NY2d 767; *see also, Goudie v County of Putnam,* 95 AD2d 823, 824). Under the circumstances the Supreme Court, Suffolk County, abused its discretion in granting the application. Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.