■ In the Matter of VINCENT SCHIRRIPA, an Infant, by His Mother and Natural Guardian, SUSAN SCHIRRIPA, Appellant, v BIRCH LANE ELEMENTARY SCHOOL, Respondent.—In a proceeding for leave to file a late notice of claim pursuant to General

Municipal Law § 50-e (5), the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Balletta, J.), dated November 30, 1987, which dismissed the petition, and (2) an order of the same court (O'Shaughnessy, J.), dated August 17, 1988, which denied his renewed motion for the same relief.

Ordered that the orders are affirmed, with one bill of costs.

The infant petitioner was allegedly injured as the result of a fall in a gymnasium class on May 17, 1984. No notice of claim was timely filed. In June 1987 the petitioner made an application for leave to serve a late notice of claim upon the grounds that he was an infant at the time of the incident, he had been misinformed about the seriousness of his injury, and he and his parents lacked familiarity with the law.

As we have stated previously, "[i]nfancy does not automatically entitle a claimant to an extension of the 90-day notice requirement of General Municipal Law § 50-e (1)" *(Matter of Coyne v Cold Spring Harbor Cent. School Dist.,* 132 AD2d 660). In the instant case, we find that the disability of infancy is outweighed by other factors.

The petitioner has failed to adequately explain the unreasonable three-year delay in seeking the relief requested *(see, Matter of Coyne v Cold Spring Harbor Cent. School Dist., supra; Matter of Morgan v City of Elmira,* 115 AD2d 885). The delay was unrelated to his infancy, but rather was due to the fact that the injury did not appear to be serious at the time of the occurrence. Moreover, while counsel was contacted in December 1986, the original motion was not made until almost six months later. Finally, the respondent has demonstrated substantial prejudice due to the petitioner's failure to file a timely notice of claim *(see, Matter of Hogan v Town of Orangetown,* 108 AD2d 857).

Under the circumstances we find that the application and the renewed application were properly denied *(see, Lallave v City of New York,* 127 AD2d 634). Mangano, J. P., Lawrence, Kunzeman and Eiber, JJ., concur.