■ Gaspar V. Ortega et al., Respondents, v New York City Housing Authority, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Vinik, J.), entered June 30, 1989, which, *inter alia,* granted the plaintiffs' motion for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5).

Ordered that the order is affirmed, with costs.

It is well established that the question of whether to grant an application for leave to serve a late notice of claim is left to the sound discretion of the court *(see, Matter of Gruber v*

*City of New York,* 156 AD2d 450; *Matter of Fast v County of Broome,* 151 AD2d 930; *Matter of Halperin v City of New York,* 127 AD2d 461). Although the plaintiff's excuses for his failure to timely serve a late notice of claim are not overly persuasive, "the absence of an acceptable excuse for the delay is not necessarily fatal to the application" *(Montalto v Town of Harrison,* 151 AD2d 652, 653). The facts underlying the claim became known to the defendant within 32 days after the expiration of the 90-day period, and the defendant failed to establish that it would be prejudiced by the granting of the application *(see, Matter of Edwards v Town of Delaware,* 115 AD2d 205; *Hutchins v Village of Tupper Lake Hous. Auth.,* 72 AD2d 875; *Segretto v Town of Oyster Bay,* 66 AD2d 796).

Under the circumstances of this case, it cannot be said that the court improvidently exercised its discretion in granting the plaintiff's motion *(see, Simmons v New York City Hous. Auth.,* 161 AD2d 377). Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.