■ In the Matter of DOUGLAS TOWNSEND, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [599 NYS2d 833] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Housing Authority appeals from a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated May 28, 1991, which granted the application.

Ordered that the judgment is affirmed, with costs.

On September 9, 1990, the petitioner was shot and wounded inside the lobby of an apartment building owned by the New York City Housing Authority (hereinafter Housing Authority). The petitioner was hospitalized for approximately one month after the shooting, and upon. his release, he required additional medical treatment for a bullet which remained lodged in his chest, and a surgical procedure to close a colostomy. The petitioner contacted an attorney on March 26, 1991, for the purpose of commencing a negligence action against the Housing Authority, and on the following day, a notice of claim was served on the Housing Authority alleging, *inter alia,* that the petitioner had been shot by unknown criminal assailants who gained access to the lobby as a result of improper security devices and locks on the building. The petitioner thereafter commenced this proceeding for leave to serve a late notice of claim, and the Supreme Court granted his application.

Contrary to the appellant's contention, the Supreme Court did not improvidently exercise its discretion in granting the petitioner's application. The key factors in determining whether an application for leave to serve a late notice of claim should be granted are whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits *(see, Matter of Farrell v City of New York,* 191 AD2d 698; *Matter of Harris v*

*Dormitory Auth.,* 168 AD2d 560; *Matter of Charles v New York City Health & Hosps. Corp.,* 166 AD2d 526). The question of whether to grant an application for leave to serve a late notice of claim is left to the sound discretion of the court *(see, Ortega v New York City Hous. Auth.,* 167 AD2d 337; *Matter of Gruber v City of New York,* 156 AD2d 450). Here, the petitioner's submissions, which included a surgical report, indicate that he was seriously wounded as a result of the shooting, and that he underwent emergency surgery and was hospitalized for a prolonged period after the shooting *(see, Matter of Farrell v City of New York, supra; Matter of Charles v New York City Health & Hosps. Corp., supra).* Moreover, the appellant conducted an investigation into the shooting, and has not denied the petitioner's claim that the apartment building had no locks on its entrance doors for a two-year period prior to the incident *(see, Matter of Andrews v New York City Hous. Auth.,* 190 AD2d 732). Under these circumstances, we cannot say that the Supreme Court improvidently exercised its discretion in granting the petitioner's application. Thompson, J. P., Miller, Eiber and Santucci, JJ., concur.