■ In the Matter of DARIUS HUBBARD, Respondent, v CITY SCHOOL DISTRICT OF GLEN COVE, Appellant. [613 NYS2d 29] —In a proceeding pursuant to General Municipal Law § 50-e for leave to file a late notice of claim, the appeal is from an order of the Supreme Court, Nassau County (Kohn, J.), dated June 10, 1992, which granted the petition.

Ordered that the order is reversed, as a matter of discretion, with costs, and the petition is dismissed.

The petitioner was injured on May 15, 1991, while playing basketball at Glen Cove High School. The petitioner failed to file a timely notice of claim and brought this proceeding more than seven months after the expiration of his time to file a notice of claim pursuant to General Municipal Law § 50-e. In support of his petition, the petitioner argued that the respondent would not be prejudiced by the relief, because its employ-

ees witnessed the accident. The Supreme Court agreed and granted the petition. We now reverse.

We find that the respondent did not have actual knowledge of the essential facts constituting the claim within the appropriate time limit (see, General Municipal Law § 50-e). The accident report prepared at the time of the incident stated: "According to Darius, as he was jumping up to throw basketball into hoop, he felt [left] knee 'go out of place.' When he came down on it, he felt pain and saw dislocated knee". In his notice of claim, the petitioner asserts that he was injured when he slipped and fell upon a liquid substance on the floor of the basketball court. Thus, the respondent had no prior notice of the petitioner's present claim regarding an unsafe condition on the court.

Moreover, the petitioner did not establish a valid excuse for his delay in filing a notice of claim. Thus, the petition should be dismissed (see, Matter of D'Andrea v City of Glen Cove Pub. Schools, 143 AD2d 747). Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.