■ In the Matter of CARRIE GOLDSTEIN, Respondent, v CLARKSTOWN CENTRAL SCHOOL DISTRICT, Appellant, et al., Respondent. [616 NYS2d 1010] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Rockland County (Stolarik, J.), dated March 31, 1993, which granted the application and deemed the notice of claim timely served.

Ordered that the order is reversed, as a matter of discretion, with costs, and the application for leave to serve a late notice of claim is denied.

Given that the petitioner failed to adequately establish a

reasonable excuse for her approximately four-year delay in filing the notice of claim *(see, Matter of Perry v City of New York,* 133 AD2d 692; *Fox v City of New York,* 91 AD2d 624), that the Clarkstown Central School District did not acquire actual knowledge of the essential facts underlying the claim within a reasonable time of the claim's accrual *(see, Matter of Bloom v Herrick Union Free School Dist.,* 174 AD2d 665; *Matter of Katz v Rockville Centre Union Free School Dist.,* 131 AD2d 574), and that the Clarkstown Central School District was potentially prejudiced as a result of the petitioner's extensive delay *(see, Matter of Perry v City of New York, supra; Matter of Katz v Rockville Centre Union Free School Dist., supra; see also, Matter of Lucy L. v County of Westchester,* 149 AD2d 707), the Supreme Court improvidently exercised its discretion in granting the petitioner's application for leave to serve a late notice of claim *(see,* General Municipal Law § 50-e [5]; *Pavone v City of New York,* 170 AD2d 493).

Moreover, while the petitioner was an infant when the claim arose, and filed the notice of claim within 90 days of having attained the age of majority, "[t]he incorporation of the [infancy] toll [of CPLR 208] into the period of limitations specified in section 50-e (subd 5) merely confers upon the courts the authority to entertain the otherwise untimely applications of disabled claimants; it does not, however, dictate that such applications automatically be granted" *(Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 266).

In any event, the infancy of the petitioner is of little consequence where, as here, she has failed to establish a nexus between her infancy and her delay in filing the notice of claim *(see, Matter of Kyser v New York City Hous. Auth.,* 178 AD2d 601; *Matter of Gandia v New York City Hous. Auth.,* 173 AD2d 824). Thompson, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.