■ In the Matter of LEONARD SHAPIRO, Appellant, v COUNTY OF NASSAU, Respondent. [616 NYS2d 786] —In the proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated July 22, 1992, which denied his application.

Ordered that the order is affirmed, with costs.

It is well settled that the court, in its discretion, may grant an application for leave to serve a late notice of claim (see, General Municipal Law § 50-e [5]). The key factors which the court must consider are whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (see, Matter of Townsend v New York City Hous. Auth., 194 AD2d 795; Carbone v Town of Brookhaven, 176 AD2d 778; Braverman v City of White Plains, 115 AD2d 689).

Contrary to the petitioner's contention, that the County had knowledge of the facts constituting his claim because its personnel were present at the accident site, what satisfies the statute is not knowledge of the alleged wrong, but rather, knowledge of the nature of the claim (see, Thomann v City of Rochester, 256 NY 165). A police report describing an accident which fails to state any connection between the accident and the condition complained of, does not give rise to notice of the petitioner's claim of negligence on the part of the municipality (see, Caselli v City of New York, 105 AD2d 251).

Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the petitioner's application for leave to serve a late notice of claim (see, Matter of Kyser v New York City Hous. Auth., 178 AD2d 601; Ortega v New York City Hous. Auth., 167 AD2d 337; Kissell v County of Erie, 138 AD2d 965). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.