In the Matter of LENORA ZEE et al., Appellants, v HICKSVILLE UNION FREE SCHOOL DISTRICT, Respondent. [622 NYS2d 279] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the Hicksville Union Free School District, the appeals are from (1) an order of the Supreme Court, Nassau County (Roncallo, J.), dated December 22, 1992, by which Justice Roncallo recused himself and directed that the matter be reassigned, (2) an order of the same court, dated January 19, 1993, vacating all prior determinations by Justice Roncallo in the matter and directing that the motions be resubmitted to Justice O'Shaughnessy for determination, (3) an order of the same court (O'Shaughnessy, J.), dated January 25, 1993, which denied the petitioners' application for leave to serve a late notice of claim, (4) an order of the same court (O'Shaughnessy, J.), dated January 26, 1993, which denied a motion to dismiss the complaint in a different action, and (5) an order of the same court (Roncallo, J.), dated June 7, 1993, which denied the

petitioners' motion, denominated as one for vacatur of the two prior orders by Justice Roncallo and for reinstatement of an order of the same court (Roncallo, J.), entered October 20, 1992, which had granted the petitioners' application, but which was in effect, a motion for reargument of the prior orders by Justice Roncallo.

Ordered that the appeal from the order dated January 26, 1993, is dismissed for failure to perfect and because the appellants are not aggrieved by that order; and it is further,

Ordered that the appeal from the order dated June 7, 1993, is dismissed; and it is further,

Ordered that the orders dated December 22, 1992, January 19, 1993, and January 25, 1993, respectively, are affirmed; and it is further,

Ordered that the Hicksville Union Free School District is awarded one bill of costs.

In 1988 and 1989 the infant petitioners, then 6 and 7 years old, respectively, were allegedly sexually abused by the driver of the bus that transported them to and from the St. Ignatius Loyola School (hereinafter the School) in Hicksville. In April of 1991, they commenced a negligence action against the driver, the transportation company by which he was employed, and the School.

In February of 1992 the petitioners commenced this proceeding for leave to serve a late notice of claim upon the Hicksville Union Free School District, which apparently provided transportation for the students at the School. When the petitioners learned that there were numerous similar actions against the bus driver and the school district commenced on behalf of students from various schools within the school district pending before Justice O'Shaughnessy, they requested that the matter be assigned to him. In response the petitioners were informed that the matter had been assigned to Justice Roncallo, and by order dated October 20, 1992, Justice Roncallo granted their application to serve a late notice of claim. The school district moved for reargument, and asserted that for the sake of judicial economy the matter should be assigned to Justice O'Shaughnessy. By order dated December 22, 1992, over the objection of the petitioners, Justice Roncallo recused himself from the matter, and directed that it be reassigned. The following month Justice Roncallo sua sponte vacated his prior determinations in the matter and referred all motions to Justice O'Shaughnessy, before whom 45 related

cases were pending. Justice O'Shaughnessy denied the petitioners' application for leave to serve a late notice of claim.

In March of 1993 the petitioners moved, *inter alia,* to vacate Justice Roncallo's orders reassigning the matter and to vacate all of his prior determinations, and to reinstate Justice Roncallo's order granting the application to serve a late notice of claim. Justice Roncallo treated the motion as one for reargument, and denied it. The petitioners appeal from all of the aforementioned orders, with the exception of Justice Roncallo's order dated October 20, 1992. The petitioners also appeal from an order by Justice O'Shaughnessy, dated January 26, 1993, which denied a motion to dismiss the complaint in a different action. The petitioners failed to perfect the appeal from that order, and, in any event, the petitioners are not aggrieved by that order. Consequently, that appeal is dismissed.

Justice Roncallo properly treated the petitioners' motion, made in March 1993, as one for reargument of his prior orders, the denial of which is not appealable *(see, Miesk-Falkoff v Village of Pleasantville,* 207 AD2d 332; *Thrift Assns. Serv. Corp. v Legend of Irvington Joint Venture,* 152 AD2d 666, 668). Thus, the appeal from the order entered June 7, 1993, is dismissed.

As to the merits of the remaining appeals, Justice Roncallo did not improvidently exercise his discretion in assigning the instant application to the Justice before whom 45 related cases were then pending, for the sake of judicial economy.

In light of the unexcused, approximately three-year delay in seeking to serve a late notice of claim, the fact that the petitioners' infancy was clearly unrelated to the delay in making the application *(see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671, 672; *Matter of Gandia v New York City Hous. Auth.,* 173 AD2d 824; *see also, Matter of Plantin v New York City Hous. Auth.,* 203 AD2d 579), and the fact that the delay will substantially prejudice the respondent's ability to defend the claim on its merits, Justice O'Shaughnessy's denial of the petitioners' application to serve a late notice of claim did not constitute an improvident exercise of discretion *(see, Matter of Beary v City of Rye,* 44 NY2d 398; *see also, Matter of Russ v New York City Hous. Auth.,* 198 AD2d 361; *Matter of Albanese v Village of Floral Park,* 128 AD2d 611).

We have examined the petitioners' remaining contentions and find them to be without merit. Rosenblatt, J. P., Lawrence, Joy and Krausman, JJ., concur.