■ In the Matter of MICHAEL ALTAVILLA et al., Appellants, v PATCHOGUE MEDFORD SCHOOL DISTRICT, Respondent. [633 NYS2d

576] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal (1) from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated May 5, 1994, which denied their application, and (2), as limited by their brief, from so much of an order of the same court, dated August 3, 1994, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 5, 1994, is dismissed, as that order was superseded by the order dated August 3, 1994, made upon reargument; and it is further,

Ordered that the order dated August 3, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

In determining an application for leave to serve a late notice of claim, the court must consider all relevant factors, including whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits *(see,* General Municipal Law § 50-e [5]; *Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818; *Matter of Townsend v New York City Hous. Auth.,* 194 AD2d 795). Moreover, while the court must also consider whether the petitioner was an infant when the claim arose, it is not automatically required to grant an extension in every case involving an infant *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 266; *Matter of Bischert v County of Westchester,* 212 AD2d 529; *Matter of Goldstein v Clarkstown Cent. School Dist.,* 208 AD2d 537).

At bar, the record reveals that the petitioners failed to offer a legally acceptable excuse for the three and one-half year delay in serving a notice of claim, and there is no indication that the delay was related to the injured petitioner's infancy. Furthermore, the petitioners have failed to demonstrate that the respondent had actual knowledge of the facts underlying the claim within a reasonable time after the claim arose. In addition, the extensive delay will prejudice the respondent's ability to defend the claim on its merits. Under these circumstances, the Supreme Court properly exercised its discretion in denying the petitioners' application *(see, Matter of Diaz v City of New York,* 211 AD2d 789; *Matter of Zee v Hicksville Union Free School Dist.,* 210 AD2d 237; *Matter of Goldstein v Clarkstown Cent. School Dist., supra).* O'Brien, J. P., Pizzuto, Santucci and Krausman, JJ., concur.