■ In the Matter of MICHAEL SHEA et al., Respondents, v CITY OF NEW YORK BOARD OF EDUCATION, Appellant, et al., Defendant. [635 NYS2d 533] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Board of Education of the City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Amann, J.), dated April 27, 1994, as granted the petition only insofar as it related to the claim of the infant Michael Shea.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, the petition is denied, and the proceeding is dismissed.

The infant petitioner allegedly sustained injuries as a result of a fall in school on March 9, 1990. On or about January 6, 1994, the petitioners sought, *inter alia,* leave to serve a late notice of claim against the Board of Education of the City of New York (hereinafter the Board), contending that they had not become aware of the serious nature of the infant petitioner's injuries until July 1993. The Supreme Court granted the petition only insofar as it related to the claim of the infant petitioner. We reverse this portion of the order.

It is well settled that an extension of the statutory period within which to serve a notice of claim will not automatically be granted merely because the claimant is an infant *(see, Matter of Coyne v Cold Spring Harbor Cent. School Dist.,* 132 AD2d

660). In the present case, the petitioners failed to adequately explain the unreasonable delay of almost four years in seeking the relief requested, and they have presented no excuse for the six-month delay which occurred between their alleged discovery of the serious nature of the infant petitioner's injuries and the making of the application for leave to serve a late notice of claim *(see, Matter of Kornell v Clarkstown Cent. School Dist.,* 202 AD2d 426; *Matter of Schirripa v Birch Lane Elementary School,* 154 AD2d 536). Moreover, given the substantial discrepancies between the descriptions of the accident contained in the notice of claim and the Board's own internal records, the Board established that it would suffer substantial prejudice if late service of the notice were permitted *(see, e.g., Matter of Schirripa v Birch Lane Elementary School, supra).* Bracken, J. P., Sullivan, Rosenblatt and Hart, JJ., concur.