■ In the Matter of OLGA RUSIECKI et al., Respondents, v CLARKSTOWN CENTRAL SCHOOL DISTRICT, Appellant. [643 NYS2d 132] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the Clarkstown Central School District appeals from (1) a decision of the Supreme Court, Rockland County (Scarpino, J.), dated December 12, 1994, which determined the petitioners' application for leave to serve a late notice of claim and (2) an order and judgment (one paper) of the same court (Rudolph, J.), entered February 6, 1995, which, *inter alia,* granted the petitioners' application for leave to serve a late notice of claim.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order and judgment is reversed, as a matter of discretion, and the proceeding is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court improvidently exercised its discretion in granting the petitioners leave to serve a late notice of claim against the Clarkstown Central School District (hereinafter the School District). While General Municipal Law § 50-e and Education Law § 3813 (2-a) authorized the court, upon a proper showing, to extend the petitioners' time to serve the notice of claim, the record does not support the court's determination in this case. Contrary to the petitioners' contention, the School District did not have actual knowledge of the essential facts constituting their claim within the appropriate time period (*see*, Education Law § 3813 [2-a]). Indeed, although a "Student Incident Report" was completed by the school nurse on the date of the incident, it merely stated that the then 15 year-old Olga Rusiecki had fallen and banged her knee on the floor during volleyball practice. Thus, this report did not provide the School District with actual knowledge of the essential facts constituting the petitioners' present claim that the School District caused Olga's injury by its negligence in equipping, training, and supervising her (*see, Matter of Hubbard v City School Dist.*, 204 AD2d 721). Moreover, Olga's injury, as reflected in the Student Incident Report, did not appear so serious at the time of the occurrence that the School District would have been alerted to the advisability of making a full investigation of the circumstances attendant to Olga's injury (*see, Matter of Katz v Rockville Centre Union Free School Dist.*, 131 AD2d 574). In addition, Olga's infancy is unrelated to the almost three-year delay in serving the notice of claim (*see, Matter of Zee v Hicksville Union Free School Dist.*, 210 AD2d 237; *Matter of Goldstein v Clarkstown Cent. School Dist.*, 208 AD2d 537), and the petitioners have failed to establish a valid excuse for their delay (*see, Matter of Schirripa v Birch Lane Elementary School*, 154 AD2d 536; *Matter of Andersen v Nassau County Med. Ctr.*, 135 AD2d 530, 531). The absence of demonstrable prejudice attributable to the petitioners' delay is not dispositive, but is only one factor to be considered by the court (*see, Matter of Katz v Rockville Centre Union Free School Dist., supra*, at 576). Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.