■ In the Matter of LILI BORDAN, Appellant, v MAMARONECK SCHOOL DISTRICT, Respondent. [646 NYS2d 373] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Westchester County (Silverman, J.), entered June 9, 1995, which denied her application.

Ordered that the order is affirmed, with costs.

In determining an application to serve a late notice of claim, the key factors are (1) whether the municipality acquired actual knowledge of the essential facts of the claim within the statutory 90-day period, (2) whether the petitioner had a reasonable excuse for the delay, and (3) whether the municipality will be substantially prejudiced by the delay in its defense on the merits (*see, Matter of Sica v Board of Educ.,* 226 AD2d 542; General Municipal Law § 50-e [5]). Considering these factors, we conclude that the denial of the petitioner's application was *not an improvident exercise of the court's discretion.*

In her proposed notice of claim dated March 9, 1995, the infant petitioner alleged that she was sexually abused by her former fourth grade teacher at a public pool in August 1992. She alleged, *inter alia,* that the respondent school district,

which employed the teacher, had prior knowledge of improper conduct by the teacher with other students and that the school district improperly counseled the petitioner after learning of the incident. The teacher pleaded guilty in December 1994 to sexual abuse in the second degree in connection with this incident. The petitioner requested permission to serve a late notice of claim in March 1995.

There is no dispute that the petitioner revealed the incident to a school psychologist on September 10, 1992. It is also uncontroverted that the petitioner's father, after meetings with the school psychologist and the teacher on September 11th and 12th, respectively, requested that school district employees not question the petitioner or pursue the matter any further. Although the petitioner's father contends that he did not then know the seriousness of the matter, it is apparent, under these circumstances, that the two and one-half-year delay has prejudiced the school district's ability to defend against the claim that it failed to properly handle the petitioner's allegation of sexual abuse. In addition, the principal and teacher involved in this matter are no longer employed by the school district and have moved out of the State.

The two and one-half-year delay in serving a notice of claim was not related to the petitioner's infancy (see e.g., Matter of Zee v Hicksville Union Free School Dist., 210 AD2d 237; Matter of Goldstein v Clarkstown Cent. School Dist., 208 AD2d 537). Even accepting the parents' claim that they did not know of the serious nature of the touching involved in this matter until May 1994, when the petitioner revealed the details to her therapist, they offered no reasonable excuse for the subsequent 10-month delay in serving a notice of claim (see, e.g., Matter of Shea v City of New York Bd. of Educ., 222 AD2d 510). O'Brien, J. P., Thompson, Altman and Krausman, JJ., concur.