■ In the Matter of Louis DiBella et al., Respondents, v City of New York, Appellant. [650 NYS2d 311] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the City of New York appeals from an order of the Supreme Court, Richmond County (Leone, J.), dated July 12, 1995, which granted the application.

Ordered that the order is reversed, as a matter of discretion, with costs, the application is denied, and the proceeding is dismissed.

On March 2, 1994, the petitioner Louis DiBella allegedly slipped while alighting from a New York City Department of Sanitation truck, injuring his back. The petitioners sought

permission to serve a late notice of claim on the City in May 1995, 14 months after the accident. In their notice of claim, the petitioners alleged that a bar on the side of the truck was covered with grease mixed with snow and ice.

We conclude that the Supreme Court improvidently exercised its discretion in granting the petitioners' application. The key factors to be considered are whether the petitioners demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits *(see, Matter of Shapiro v County of Nassau,* 208 AD2d 545; *Matter of Townsend v New York City Hous. Auth.,* 194 AD2d 795; General Municipal Law § 50-e [5]).

The petitioners did not offer a valid excuse for their failure to timely serve a notice of claim *(see, Matter of Mallory v City of New York,* 135 AD2d 636), and they failed to establish that the City had timely notice of the essential facts of their claim. Although an injury report was prepared by the Department of Sanitation two days after the incident, "what satisfies the statute is not knowledge of the alleged wrong, but rather, knowledge of the nature of the claim" *(Matter of Shapiro v County of Nassau, supra,* at 545). The injury report indicated that the steps of the truck were icy and oily due to weather conditions, i.e., a snow emergency. However, the petitioners claimed in support of their application that mechanics may have caused the greasy condition by overloading the truck. Finally, the petitioners offered no evidence to rebut the City's contention that it would suffer prejudice in its ability to conduct an investigation of the claim *(see, Matter of Sosa v City of New York,* 206 AD2d 374). Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.