■ In the Matter of PAUL BOOKER et al., Appellants, v WYAN-DANCH UNION FREE SCHOOL DISTRICT, Respondent. [658 NYS2d 982] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioners appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 18, 1996, which denied their application.

Ordered that the order is affirmed, with costs.

In determining an application for leave to serve a late notice of claim, the court must consider all relevant factors, including whether the petitioners demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the respondent acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, and whether the delay would substantially prejudice the respondent in maintaining its defense on the merits (*Matter of Buddenhagen v Town of Brookhaven,* 212 AD2d 605, 606; *Matter of O'Mara v Town of Cortland,* 210 AD2d 337, 338; *Matter of Townsend v New York City Hous. Auth.,* 194 AD2d 795).

The petitioner Paulette Graham failed to offer a legally acceptable excuse for waiting over four months after the expiration of the 90-day period before seeking leave to serve a late notice of claim, failed to demonstrate that the respondent Wyandanch Union Free School District (hereinafter the school district) acquired actual knowledge of the facts underlying the claim within a reasonable time after the claim arose, and failed to prove that the extensive unexplained delay, extending into the following school year, did not prejudice the school district's ability to defend against the claims made by the petitioners (*cf., Matter of Altavilla v Patchogue Medford School Dist.,* 221 AD2d 434, 435). Accordingly, the Supreme Court properly exercised its discretion by denying the petitioners' application. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.