■ In the Matter of CHRISTINE GUILIANO, Respondent, v TOWN OF OYSTER BAY, Appellant. [664 NYS2d 314] —In a proceeding pursuant to General Municipal Law § 50-e for leave to

serve a late notice of claim, the Town of Oyster Bay appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated June 3, 1996, which granted the petitioner's application for leave to serve a late notice of claim.

Ordered that the order is reversed, as a matter of discretion, the application for leave to serve a late notice of claim is denied, and the proceeding is dismissed, with costs.

"It is well settled that the court, in its discretion, may grant an application for leave to serve a late notice of claim (*see,* General Municipal Law § 50-e [5]). The key factors which the court must consider are whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits" (*Matter of Shapiro v County of Nassau,* 208 AD2d 545).

Contrary to the petitioner's contention, the Town of Oyster Bay did not have actual knowledge of the essential facts constituting the claim within the appropriate time period. Although an accident report was completed by a Town employee on the date of the accident, it merely stated that the petitioner claimed to have tripped and fallen on a concrete walk and went to an emergency room for examination. The report did not provide the Town with actual knowledge of the essential facts constituting the petitioner's present claim that the Town caused the petitioner's injury by permitting a broken, uneven, cracked, and rutted cement paving to exist at the pool deck (*see, Matter of Rusiecki v Clarkstown Cent. School Dist.,* 227 AD2d 493; *Matter of Hubbard v City School Dist.,* 204 AD2d 721).

Accordingly, the Supreme Court improvidently exercised its discretion in granting the petitioner's application for leave to serve a late notice of claim. Bracken, J. P., Copertino, Sullivan and McGinity, JJ., concur.