◼ In the Matter of SAMUEL MORRISON, Appellant, et al., Petitioner, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [664 NYS2d 342] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner Samuel Morrison appeals from an order of the Supreme Court, Queens County (Price, J.), dated September 18, 1996, which denied the application.

Ordered that the order is affirmed, with costs.

" 'The key factors in determining whether leave to [serve] a late notice of claim should be granted are whether the [petitioner] has demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual (*see,* General Municipal Law § 50-e [1]) or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits' " (*Matter of Buddenhagen v Town of Brookhaven,* 212 AD2d 605, 606; *Pecchio v*

*National Safety Envtl.,* 211 AD2d 773, 774; *Matter of O'Mara v Town of Cortlandt,* 210 AD2d 337, 338; *Shapiro v County of Nassau,* 208 AD2d 545).

The appellant has failed to proffer a reasonable excuse for the almost one-year delay in seeking permission to serve a late notice of claim (*see, Matter of Rudisel v City of New York,* 217 AD2d 702). The appellant has also failed to demonstrate that the respondents acquired actual knowledge of the essential facts constituting the claim within the statutory 90-day period. The appellant's contention that actual knowledge of the facts was provided to the respondents on the day of the alleged accident by way of Elmhurst Hospital employees who assisted the appellant at the time of the accident and by emergency room records that only showed that he was injured without any other information is insufficient to impute actual knowledge of the essential facts underlying the claim.

Even if employees of the respondents were present at the accident site at the time of a petitioner's accident, as was allegedly the case herein, such would not establish that the respondents acquired actual knowledge of the essential facts underlying the claim (*cf., Calloway v City of N. Y. Hous. Auth.,* 219 AD2d 711, 712; *see also, Levette v Triborough Bridge & Tunnel Auth.,* 207 AD2d 330, 331). "[W]hat satisfies the statute is not knowledge of the wrong but notice of the claim. The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (*Matter of Sica v Board of Educ.,* 226 AD2d 542, 543; *Washington v City of New York,* 72 NY2d 881; *Matter of Hubbard v City School Dist.,* 204 AD2d 721; *Matter of Shapiro v County of Nassau,* 208 AD2d 545).

The respondents would suffer prejudice if they were forced to defend on the merits at this late date, especially since the conditions surrounding the accident were transitory in nature. Thus, the Supreme Court properly exercised its discretion by denying the application. Sullivan, J. P., Friedmann, Florio and McGinity, JJ., concur.