■ In the Matter of KAREN A. CAMPANILE, Appellant, v COUNTY OF SUFFOLK, Respondent. [717 NYS2d 896] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated January 24, 2000, which denied the petition.

Ordered that the order is affirmed, with costs.

It is well settled that in determining an application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), a court must consider (1) whether the petitioner has demonstrated a reasonable excuse for the failure to serve a

timely notice of claim, (2) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (3) whether the delay would substantially prejudice the public corporation in maintaining a defense on the merits (*see, Matter of Kittredge v New York City Hous. Auth.,* 275 AD2d 746; *Matter of Guiliano v Town of Oyster Bay,* 244 AD2d 408). Here, the Supreme Court properly denied the application, as the petitioner failed to demonstrate a reasonable excuse for her delay, that the respondent acquired actual knowledge of the claim within a reasonable time of its accrual, and an absence of prejudice to the respondent. O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.