■ In the Matter of RYAN M. BERGREN, Appellant, v WAPPINGERS CENTRAL SCHOOL DISTRICT, Respondent. [718 NYS2d 653] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), dated July 7, 2000, which denied the petition.

Ordered that the order is affirmed, with costs.

In determining whether to grant leave to serve a late notice of claim, the court must consider (1) whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, (3) whether the claimant was an infant, or mentally or physically incapacitated, and (4) whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see, Matter of Kittredge v New York City Hous. Auth.,* 275 AD2d 746; *Rogers v City of Yonkers,* 271 AD2d 593; *Matter of Guiliano v Town of Oyster Bay,* 244 AD2d 408). Here, the Supreme Court properly denied the petition, as the petitioner failed to demonstrate either a reasonable excuse for his delay, actual knowledge of the claim on the part of the respondent, or the absence of prejudice to the respondent. Ritter, J. P., Friedmann, H. Miller and Feuerstein, JJ., concur.