■ In the Matter of RICHARD CASTLEGRANDE, Respondent, v MAHOPAC CENTRAL SCHOOL DISTRICT, Appellant. [739 NYS2d 623] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Putnam County (Hickman, J.), dated August 6, 2001, which granted the application.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the application is denied, and the proceeding is dismissed.

In determining whether to grant leave to serve a late notice of claim, the court must consider (1) whether the petitioner demonstrated a reasonable excuse for the failure to serve a

timely notice of claim, (2) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (3) whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits (*see Matter of Bergren v Wappingers Cent. School Dist.*, 278 AD2d 492; *Shapey v East Rockaway Union Free School Dist.*, 277 AD2d 441; *Matter of Morrison v New York City Health & Hosps. Corp.*, 244 AD2d 487). The Supreme Court improvidently exercised its discretion in granting the petitioner's application. The petitioner failed to demonstrate either a reasonable excuse for his delay, actual knowledge of the claim on the part of the appellant, or the absence of prejudice to the appellant. Goldstein, J.P., Luciano, Schmidt and Crane, JJ., concur.