■ In the Matter of EDWARD BERGMANN et al., Respondents, v COUNTY OF NASSAU, Appellant. [748 NYS2d 62]

The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim, which was made more than 5½ months after the accident (*see Matter of Castlegrande v Mahopac Cent. School Dist.*, 292 AD2d 604; *Rabanar v City of Yonkers*, 290 AD2d 428; *Matter of Morisson v New York City Health & Hosps. Corp.*, 244 AD2d 487). The appellant did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (*see Matter of Castlegrande v Mahopac Cent. School Dist., supra; Matter of Yearusskaya v New York City Tr. Auth.*, 279 AD2d 583; *Matter of Morrison v New York City Health & Hosps. Corp., supra; cf. Matter of Continental Ins. Co. v City of Rye*, 257 AD2d 573). Further, the petitioner failed to demonstrate that he was incapacitated to such an extent that he could not have complied with the statutory requirement to file the notice of claim in a timely manner (*see Yearusskaya v New York City Tr. Auth., supra*). Finally, granting leave to serve a late notice of claim would result in prejudice to the appellant. The passage of time and the changed conditions of the lot where the accident occurred prevent the appellant from accurately reconstructing the circumstances surrounding the incident (*see Rabanar v City of Yonkers, supra; Matter of Kittredge v New York City Hous. Auth.*, 275 AD2d 746; *Matter of Gilliam v City of New York*, 250 AD2d 680). Accordingly, the Supreme Court erred in granting leave to serve a late notice of claim under the circumstances of this case. Feuerstein, J.P., Smith, Friedmann and Adams, JJ., concur.