■ In the Matter of NICOLE DI FUSCO et al., Appellants, v MAHOPAC SCHOOL DISTRICT OF TOWN OF CARMEL, NEW YORK, Respondent. [750 NYS2d 513] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated November 19, 2001, which denied the petition.

Ordered that the order is affirmed, with costs.

In determining whether to grant an application for leave to serve a late notice of claim, the court must consider (1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, (2) whether the claimant had a reasonable excuse for the delay in serving a notice of claim, (3) whether the claimant was an infant, or mentally or physically incapacitated, and (4) whether the public corporation was prejudiced by the delay (*see* General Municipal Law § 50-e [5]; *Lopez v Hicksville Pub. School Dist.,* 289 AD2d 381; *Matter of Bergren v Wappingers Cent. School Dist.,* 278 AD2d 492). The petitioners failed to establish that the respondent acquired actual knowledge within the statutory time period or a reasonable time thereafter, that there was a reasonable excuse for the delay in serving the notice of claim, that the delay in attempting to serve the notice of claim was related to infancy or other incapacitation, or that the respondent was not prejudiced by the delay. Thus, the Supreme Court properly denied the petition. Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.