■ In the Matter of DARRELL O'NEAL et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [774 NYS2d 363]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Queens County (Hart, J.), dated March 19, 2003, which granted the application.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the application is denied.

The Supreme Court improvidently exercised its discretion in granting the petitioners' application for leave to serve a late notice of claim since the petitioners did not demonstrate a reasonable excuse for their failure to timely serve a notice of claim, the appellant did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and the appellant would be prejudiced by the lengthy delay (*see Matter of Termini v Valley Stream Union Free School Dist. No. 13*, 2 AD3d 866 [2003]; *Matter of Di Fusco v Mahopac School Dist. of Town of Carmel, N.Y.,* 299 AD2d 544 [2002]; *Irizarry v Ying-Choi Lee,* 258 AD2d 619 [1999]).

In any event, the Supreme Court had no authority to grant leave to serve a late notice of claim individually to the petitioner Relaya Howell, as the application was made after the expiration of the statute of limitations applicable to her individual cause of action (*see Pierson v City of New York,* 56 NY2d 950 [1982]; *Matter of Turner v New York City Hous. Auth.,* 243 AD2d 636 [1997]). Altman, J.P., Florio, Luciano and Mastro, JJ., concur.