■ In the Matter of Rose Marie Carpenter, Respondent, v City of New York et al., Respondents, and New York City Housing Authority, Appellant. [817 NYS2d 155]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, the appeal is from an order of the Supreme Court, Richmond County (Mega, J.), dated March 4, 2005, which granted the petition.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, the petition is denied, and the proceeding is dismissed.

The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim. First, contrary to the Supreme Court's finding, the appellant, New York City Housing Authority (hereinafter the Housing Authority), did not have actual notice of the claim. The petitioner alleged that a neighbor informed an agent of the Housing Authority that the petitioner had slipped on ice in a parking lot. Even if true, that information was not sufficient to give the Housing Authority "actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5]). The statute contemplates not only knowledge of the facts, but also how they relate to the legal claim to be asserted (*see Williams v Nassau County Med. Ctr.,* 6 NY3d 531, 537 [2006] ["(w)here, as here, there is little to suggest injury attributable to malpractice during delivery, comprehending or recording the facts surrounding the delivery cannot equate to knowledge of facts underlying a claim"]; *Matter of Henriques v City of New York,* 22 AD3d 847, 848 [2005]; *Matter of Sica v Board of Educ. of City of N.Y.,* 226 AD2d 542, 543 [1996]; *Matter of Guiliano v Town of Oyster Bay,* 244 AD2d 408, 409 [1997]; *Matter of Shapiro v County of Nassau,* 208 AD2d 545 [1994]). Knowledge that the petitioner fell on ice in the parking lot does not connect the accident to the claim of negligence (*see Matter of DiBella v City of New York,* 234 AD2d 366 [1996]; *Matter of Shapiro v County of Nassau, supra*).

Additionally, as the Supreme Court found, the petitioner did not demonstrate a reasonable excuse for her delay (*see Matter of Welch v New York City Hous. Auth.,* 7 AD3d 805 [2004]). Even assuming that the petitioner was incapacitated for a portion of the time during which the 90 days to serve a notice of claim were running, she has not demonstrated that she was unable to serve a notice of claim within the available time (*see Matter of Welch v New York City Hous. Auth., supra* at 806).

We find it unnecessary to reach the issue of prejudice, because

even if there were none it still would have been an improvident exercise of discretion for the Supreme Court to grant the petition in view of the Housing Authority's "[lack of] actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5]), and the lack of a reasonable excuse for petitioner's failure to provide timely notice. Crane, J.P., Spolzino, Fisher and Dillon, JJ., concur.