In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated September 22, 2009, which denied the petition.
Ordered that the order is affirmed, with costs.
In determining whether to grant leave to serve a late notice of claim, the court must consider various factors, including whether (1) the claimant is an infant, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the facts constituting .the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (see General Municipal Law § 50-e [5]; Williams v Nassau County Med. Ctn, 13 AD3d 363, 364 [2004], affd 6 NY3d 531 [2006]; Matter of Flores v County of Nassau, 8 AD3d 377 [2004]; Matter of Cotten v County of Nassau, 307 AD2d 965 [2003]).
Here, the petitioner’s excuses for the delay of more than eight months after the expiration of the 90-day period in seeking leave were not reasonable. First, the petitioner’s ignorance of the notice of claim requirement was not an acceptable excuse (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 150 [2008]; Matter of Doyle v Elwood Union Free School Dist., 39 AD3d 544, 545 [2007]; Matter of Narcisse v Incorporated Vil. of Cent. Islip, 36 AD3d 920 [2007]). Furthermore, the petitioner’s conclusory assertions that she did not immediately appreciate the nature and severity of her infant’s injury, and that she was caring for the infant, were unavailing without supporting medical evidence (see Matter of Wright v City of New York, 66 AD3d 1037, 1038 [2009]; Matter of Kumar v City of New York, 52 AD3d 517 [2008]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 151; Matter ofLodati v City of New York, 303 AD2d 406, 407 [2003]).
In addition, the petitioner failed to establish that the respondent acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter (see General Municipal Law § 50-e [1] [a]; [5]; Matter of Formisano v Eastchester Union Free School Dist., 59 AD3d 543, 544 [2009]; Matter of Grande v City of New *1027 York, 48 AD3d 565, 566 [2008]; Matter of Gilliam v City of New York, 250 AD2d 680, 681 [1998]; Matter ofDiBella v City of New York, 234 AD2d 366, 367 [1996]). Although a student incident report and a medical claim form were prepared by school officials immediately after the accident, those documents merely indicated that the infant was injured after he slipped on spilled water on the gymnasium floor. The statute contemplates not only knowledge of the facts, but also how they relate to the legal claim to be asserted (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]; Matter of Carpenter v City of New York, 30 AD3d 594, 595 [2006]; Matter of Henriques v City of New York, 22 AD3d 847, 848 [2005]; Matter of Sica v Board of Educ. of City ofN.Y., 226 AD2d 542, 543 [1996]). The report and claim form did not provide the respondent with actual knowledge of the essential facts constituting the petitioner’s present claim that the respondent caused the infant’s injury by allowing the water to remain on the floor or that the respondent was negligent in the ownership, operation, maintenance, management, control, supervision, construction, design, and repair of the premises (see Matter of Carpenter v City of New York, 30 AD3d at 595; Mack v City of New York, 265 AD2d 308, 309 [1999]; Matter of Guiliano v Town of Oyster Bay, 244 AD2d 408, 409 [1997]; Matter of DiBella v City of New York, 234 AD2d at 367; Matter ofDeegan v City of New York, 227 AD2d 620 [1996]).
Finally, the petitioner failed to establish that the respondent would not be substantially prejudiced in its defense on the merits should leave be granted (see Matter of Felice v Eastport/ South Manor Cent. School Dist., 50 AD3d at 152; Matter of Lorseille v New York City Hous. Auth., 295 AD2d 612 [2002]; Matter of Sica v Board of Educ. of City of N.Y., 226 AD2d 542 [1996]). The petitioner failed to rebut the respondent’s assertion that the extensive delay deprived it of the opportunity to conduct a timely and meaningful investigation of the matter (see Matter of Scolo v Central Islip Union Free School Dist., 40 AD3d 1104, 1105 [2007]; Matter of Price v Board of Educ. of City of Yonkers, 300 AD2d 310, 311 [2002]; Matter of Booker v Wyandanch Union Free School Dist., 239 AD2d 574 [1997]). Dillon, J.E, Balkin, Chambers and Sgroi, JJ., concur.