■ JOAN HUMSTED, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents, et al., Defendants. [37 NYS3d 899]—

In an action, inter alia, to recover damages for false arrest, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Ash, J.), dated March 13, 2014, which denied her motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim to have been timely served, and (2), as limited by her brief, from so much of an order of the same court dated October

24, 2014, as denied her motion, denominated as one for leave to renew or reargue, but which was, in actuality, one for leave to reargue her prior motion.

Ordered that the appeal from the order dated October 24, 2014, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 13, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff's appeal, as limited by her brief, from the order dated October 24, 2014, must be dismissed. The plaintiff's underlying motion, denominated as one for leave to renew and reargue, was not based on new facts (see CPLR 2221 [e]). Thus, the motion was, in actuality, one for leave to reargue, the denial of which is not appealable (see Matter of New S. Ins. Co. v Rosado, 125 AD3d 867 [2015]; Basile v Wiggs, 117 AD3d 766 [2014]).

The Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim to have been timely served. The plaintiff failed to demonstrate a reasonable excuse for her failure to serve a timely notice of claim. The plaintiff's ignorance of the notice of claim requirement is not a reasonable excuse (see Matter of Padgett v City of New York, 78 AD3d 949, 950 [2010]; Matter of Werner v Nyack Union Free School Dist., 76 AD3d 1026, 1026 [2010]). The plaintiff also failed to offer any proof to show that either the defendant New York City Health and Hospitals Corporation or the defendant City of New York (hereinafter together the respondents) acquired actual knowledge of the essential facts constituting the claim within the 90-day statutory period or within a reasonable time thereafter (see Matter of Cali v City of Poughkeepsie, 84 AD3d 1229, 1229-1230 [2011]; Hebbard v Carpenter, 37 AD3d 538, 540 [2007]; Matter of Carpenter v City of New York, 30 AD3d 594, 595 [2006]; Matter of Shapiro v County of Nassau, 208 AD2d 545, 545 [1994]). The plaintiff provided only her own unsubstantiated contentions and those of her attorney regarding the contents of a police accident report and her medical records (see Washington v City of New York, 72 NY2d 881, 883 [1988]; State Farm Mut. Auto. Ins. Co. v New York City Tr. Auth., 35 AD3d 718, 718 [2006]; Matter of Martinez v New York City Hous. Auth., 250 AD2d 686, 687 [1998]). The plaintiff also failed to establish that the delay in serving her notices of claim would not substantially prejudice the respondents in maintain-

ing their defenses on the merits with respect to the claims (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539 [2006]; *Matter of Bush v City of New York*, 76 AD3d 628, 629 [2010]).

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to serve a late notice of claim or to deem a late notice of claim to have been timely served (*see Matter of Shapiro v County of Nassau*, 208 AD2d at 545). Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.