■ NICHOLAS F. CUTRO et al., Respondents, v JAMES DUFFY, Individually and Doing Business as DUFFY'S TAVERN, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered August 6, 1981 in Warren

County, upon a decision of the court at Trial Term (Walsh, Jr., J.), without a jury. Plaintiffs' action sought to enjoin defendant from using, blocking and obstructing a 25-foot easement which runs northerly from Amherst Street in the Village of Lake George, New York, on the most westerly side of plaintiffs' property and on the easterly side of defendant's. Plaintiffs' deed contains an easement to use the right of way. Defendant's deed does not. After a nonjury trial, the trial court granted judgment for plaintiffs, finding that defendant had wrongfully permitted his family and others to park on the right of way and that a porch-ramp off the east end of defendant's building encroached one and one-half feet thereon. The trial court directed it to be removed. On this appeal, defendant asserts that the survey and the testimony of the surveyor were improperly admitted into evidence because the surveyor was unlicensed and because plaintiffs had failed to prove the relevancy of certain documents offered into evidence. Contrary to defendant's contention, a surveyor is not required to be licensed in order to qualify as an expert witness as long as he possesses the requisite education and experience and is supervised by a licensed surveyor as provided in subdivisions e and f of section 7208 of the Education Law. Subdivision f of this section provides that "interns or other persons qualified by education or experience" may be employed under the general direction of a professional engineer or land surveyor "provided that the engineers or land surveyors * * * shall not be relieved of any responsibility whatsoever by delegation to such persons". In this case, although the surveyor was not licensed, he was an intern land surveyor and a licensed engineer. While the lack of a license may affect the weight, it does not affect the admissibility of the evidence offered by such an expert (Richardson, Evidence [10th ed], § 368, p 343). As to the exhibits, which consisted of deeds to plaintiffs' property and of the easement, their relevance and admissibility are obvious without other testimony tending to connect them with the issues of the case. As judge of the facts, as well as the law, the trial court could accept the testimony he found credible and give it the weight he determined it deserved. Therefore, the judgment should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.