■ MARY CARVACHE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Judgment of the Supreme Court, New York County (Norman E. Joslin, J.), entered on April 19, 1990, upon a jury verdict in favor of defendant, is unanimously reversed, on the law and facts, and the matter remanded for a new trial, without costs or disbursements.

Plaintiff, Mary Carvache, stood with her back to the door of the conductor's compartment of car No. 9272 on a nine car train. As the train pulled out of the station, plaintiff was injured when she leaned back against the door and fell inside the compartment. The door was not secured or locked. The jury returned a verdict in favor of defendant Transit Authority.

We find that the trial court erred when it allowed the defendant to call two witnesses, Rudolph Williams and James Cristodero, whose names were not exchanged with plaintiff prior to trial, in violation of the terms of a pre-trial discovery order. Rudolph Williams testified he was employed on the midnight to 8:00 A.M. shift checking the condition of train cars including the doors. Records of the Transit Authority revealed he had inspected 9272. The combination of the records and his testimony allowed the jury to draw the clear inference that

the car including the doors was fit and defect free at the time of his inspection.

CPLR 3101 (a) has been interpreted liberally in favor of disclosure "of any facts bearing on the controversy" *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). In applying this principle, it is now established that a party is entitled to the names of notice witnesses to a defective condition *(see, Hoffman v. Ro-San Manor,* 73 AD2d 207; *Zayas v Morales,* 45 AD2d 610). Here, Williams was clearly a notice witness whose identity should have been disclosed pursuant to the prior order. Further, Cristodero testified as to his temporary repair of the door after the accident. Although an objection to his use of the word "vandalism" was sustained, his testimony advanced the Transit Authority's contention at trial that some third-party "bent" and "broke" this door. Thus, similarly, the nondisclosure of his name was both a violation of elemental fairness and prejudicial to plaintiff *(see, Hoffman v Ro-San Manor, supra).*

We have examined the remaining contentions by plaintiff and find them to be without merit. Concur—Milonas, J. P., Asch, Kassal and Smith, JJ.