■ Norman Levy, Respondent, v J. Warren Braley, Individually and as Administrator of the Estate of Franklin M. Gleason, et al., Appellants, and Bernard L. Shuldiner et al., Respondents-Appellants, et al., Defendants.—Levine, J. Appeals from two judgments of the Supreme Court (Leaman, J.), entered April 13, 1990 and May 24, 1990 in Columbia County, upon a decision of the court in favor of plaintiff and in favor of defendants Bernard L. Shuldiner and Norma Shuldiner on their cross claim against defendant J. Warren Braley.

This action pursuant to RPAPL article 15 arises out of a boundary dispute between plaintiff and defendants J. Warren Braley, Bernard L. Shuldiner and Norma Shuldiner over approximately 12 acres of undeveloped land located in the Town of Austerlitz, Columbia County. The property in question lies between a stone wall on the east and a wire fence on the west. Plaintiff's source of title is an 1841 deed to John Philips, expressly covering some 32 acres, describing the boundaries of the parcel in general compass directions along courses delineated by a fence, stakes and stones, a stone ledge, certain highways and the lands of abutting owners, but without any specification of distances. All succeeding conveyances of the parcel were based upon that description excepting, however, a transfer in 1881 of 1½ acres of the parcel from Peter Philips and his wife to James Philips. The plot conveyed in 1881 was described in the deed as being bounded on three sides by the grantor's land and on the fourth side by the same highway that constituted the eastern boundary of the land conveyed to John Philips in 1841. The 1½-acre parcel was referred to at the trial in various maps introduced in evidence as the "Howe parcel".

The Shuldiners' claim is based upon a 1967 conveyance to them of 22 acres of land from Braley and the late Franklin M. Gleason, whose estate was also named as a defendant. This property purportedly came out of a 200-acre parcel sold to Braley and Gleason in 1964. The description of the 200-acre plot in their deed had been used in prior conveyances going back to 1870, in a deed from Charles Loomis to Sill Niles. That parcel, in turn, was part of a 400-acre conveyance in 1832. However, the description of the 22 acres in the 1967 Shuldiner deed is not derived from either the deed description of the 200-acre parcel or that of the 400-acre parcel. Rather, the Shuldiner deed refers to various independent courses and specific distances, despite the absence of any evidence that the land was surveyed with that conveyance. A survey of the Shuldiner property was performed in 1974 by Raymond Lubianetsky, a licensed surveyor, and that survey map (hereinafter the Lubianetsky survey) was introduced into evidence at the trial. The Lubianetsky survey depicted the eastern boundary of the Shuldiners' property as a stone wall abutting the Howe parcel at its southern end and abutting plaintiff's land for the remainder of its length.

At trial, the parties offered conflicting lay testimony regarding possessory use of the disputed parcel by their respective predecessors in title. Additionally, plaintiff introduced expert

testimony from two licensed surveyors and a title abstractor, and Braley also used a licensed surveyor as an expert witness. Each side's experts employed survey maps to support their positions. Following the nonjury trial, Supreme Court found in favor of plaintiff and granted him title to the disputed property. The Shuldiners were awarded monetary relief against Braley and the Gleason estate based upon the warranties contained in their deed. These appeals followed.

There should be an affirmance. Concededly, the description and respective chains of title do not definitively establish the boundary lines between the lands of the contending parties. Nor could that line be determined on the basis of historical usage or from the deed descriptions of named abutting lands. Consequently, resolution of the dispute hinged upon the weight to be given the opposing opinions of the parties' experts. The record amply supports Supreme Court's decision to accord greater weight to the opinions of plaintiff's three experts and the surveys upon which they relied than to that of Braley's expert. For instance, Braley's surveyor opined that the Lubianetsky survey correctly depicted the boundary line between the lands of plaintiff and the Shuldiners. However, the Lubianetsky survey represents an attempt to follow the description in the deed to the Shuldiners and, as previously noted, no one was able to find the source of that description in any chain of title. It is particularly incongruous that the stone wall claimed by Braley's expert to be the historic boundary line is never referred to in the various chains of title, despite its prominency as a potential monument for a property line. Moreover, the description of the western boundary of plaintiff's land in the various successive deeds into the deed of plaintiff calls for only two course directions, while the stone wall has numerous drastic changes in direction. Additionally, if Braley's expert is correct that the stone wall as depicted on the Lubianetsky survey has been the historic boundary line between the predecessors of the contending parties since at least 1870, then that survey is in direct conflict with the description in the 1881 deed to the Howe parcel, which provides that the land conveyed is bounded on three sides by lands of plaintiff's predecessors in title. The attempt by Braley's expert to explain away this anomaly was highly unpersuasive.

Plaintiff's version of the boundary line is clearly more consistent with the probable locations and extent of the holdings of abutting landowners to the northwest, as described in the various chains of title. Finally, fixing the western bound-

ary of plaintiff's parcel at the stone wall, as urged by Braley's expert, would effectively excise at least one third of the 32 acres called for in all of the deeds to the parcel going back to 1841. Such a significant discrepancy in the actual area of land used for farming would not likely have escaped notice and been perpetuated in conveyances over almost 150 years. While this factor is not conclusive, Supreme Court could properly take it into account in resolving the conflicts in expert opinion (see, Zelnik Realty v York, 170 AD2d 926, 928, n 2).

Although the surveys relied upon by plaintiff's experts also present some discrepancies and uncertainties, on balance we conclude that Supreme Court's determination is supported by the weight of the credible evidence. Moreover, the trial court's assessment of the credibility and weight to be accorded an expert's testimony in a nonjury trial is entitled to deference by a reviewing court (see, Matter of Karen Y. [Hiram Y.], 156 AD2d 823, 826, lv denied 75 NY2d 710; Weber v State of New York, 107 AD2d 929, 931; Cutro v Duffy, 88 AD2d 1007, 1008). For all the foregoing reasons, the judgments should be affirmed.

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgments are affirmed, with costs.