■ VIVIAN L. THOMAS, Appellant, v MICHAEL KENDALL et al., Respondents. (Appeal No. 1.) [690 NYS2d 467] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Set Aside Verdict.) Present—Denman, P. J., Green, Pine, Scudder and Balio, JJ.

■ VIVIAN L. THOMAS, Appellant, v MICHAEL KENDALL et al., Respondents. (Appeal No. 2.) [689 NYS2d 846] —Judgment

unanimously affirmed with costs. Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when she fell as she ascended the stairs to her apartment. Defendants own the two-family residence where the accident occurred. Supreme Court properly exercised its discretion in denying plaintiff's request to present evidence that prior accidents had occurred on the stairs. "It is well settled that proof of a prior accident, whether offered as proof of the existence of a dangerous condition or as proof of notice thereof, is admissible only upon a showing that the relevant conditions of the subject accident and the previous one were substantially the same" (*Hyde v County of Rensselaer,* 51 NY2d 927, 929; *see, Bounds v Western Regional Off Track Betting Corp.,* 256 AD2d 1165). Plaintiff made no such showing.

The court properly denied plaintiff's motion to set aside the verdict and for a new trial. "A motion to set aside a jury verdict of no cause of action should not be granted unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga,* 191 AD2d 963, 964; *see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499). A fair interpretation of the evidence supports the jury's determination that defendants were not negligent.

Finally, the court did not err in precluding plaintiff's ex-husband from testifying with respect to the allegedly defective condition of the stairs based on plaintiff's failure to identify him as a witness in response to defendants' discovery demand (*see, Carvache v New York City Tr. Auth.,* 175 AD2d 41, 42). (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—Negligence.) Present—Denman, P. J., Green, Pine, Scudder and Balio, JJ.