◼ Francis Pascuzzi, Appellant, v CCI Companies, Inc., Respondent. [739 NYS2d 209] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered December 28, 2000 in Greene County, upon a verdict rendered in favor of defendant.

On September 20, 1995, at approximately 4:30 P.M. on a clear and dry day, plaintiff was riding his motorcycle in a westerly direction on State Route 23A in the Town of Catskill, Greene County. At that time, defendant was performing work, pursuant to a contract with the Thruway Authority, reconstructing and regrading certain parts of Route 23A. The contract also required that defendant remove a bank of soil near the intersection of Route 23A and Under Hill Road which created a curve at that intersection. It was necessary to straighten and flatten that part of the road. The construction process resulted in a certain amount of clay and debris collecting on the road which was swept away or removed at various times. When plaintiff arrived at the intersection, he failed to turn along the curve and, instead, drove his motorcycle off the road, suffering various injuries. Plaintiff commenced this action alleging that he lost control of his motorcycle after driving over soil left on Route 23A. He contends that his injuries were caused by defendant's negligence in allowing the soil to remain on the roadway. After a jury trial, defendant was found negligent in failing to keep the roadway clear of soil and debris. The jury, nevertheless, concluded that defendant's negligence was not the proximate cause of plaintiff's injuries.

On this appeal, plaintiff's principal contention is that Supreme Court erred in permitting defendant's expert medical witness to testify as to the side effects a diabetic, such as plaintiff, would experience when suffering from a "hypoglycemic episode." Plaintiff, who suffered severe injuries as a result of the accident, including head trauma, had no independent recollection, by the time of trial, of the events immediately preceding and following the accident and, therefore, could not give

his version on how this accident happened. Defendant advanced the theory that plaintiff blacked out or "zoned out" as a result of his diabetic condition causing him to drive off the road. Significantly, in order to be properly admitted, expert opinion evidence must be based upon facts either in the record or personally known to the witness (*see, Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725-726). "An expert may not reach a conclusion by assuming material facts not supported by the evidence, and may not guess or speculate in drawing a conclusion * * *" (*Lee v Shields*, 188 AD2d 637, 639 [citation omitted]; *see, Kirker v Nicolla*, 256 AD2d 865, 867; *Duffen v State of New York*, 245 AD2d 653, 654, *lv denied* 91 NY2d 810; *Davis v Pimm*, 228 AD2d 885, 888, *lv denied* 88 NY2d 815).

Here, plaintiff testified at trial that he was a diabetic who received daily injections of insulin, which he took on the date of the accident. Plaintiff stated that his condition was controlled with medication and he never experienced a hypoglycemic blackout. That testimony was confirmed by plaintiff's treating physician. Although plaintiff could not recall the details of the accident, other witnesses did provide testimony in that regard. One of defendant's witnesses, Leslie Buel, a loading truck operator employed by one of defendant's subcontractors, testified that while driving his truck up a steep hill, he observed plaintiff riding his motorcycle straight and steady down Route 23A without speeding. Buel watched him arrive at the intersection's curve and indicated that he drove straight off the road without any fighting of the handlebars or wobbling of his motorcycle. He testified that plaintiff "seemed in full control" and could see no reason for the accident from his vantage point. State Trooper Patrick Thomas spoke to plaintiff at the scene and stated that plaintiff was conscious and "seemed pretty lucid," so he questioned him about the accident. Plaintiff told Thomas that "he was westbound on Route 23A * * * and he hit a dirt patch in the roadway, lost control of the motorcycle and went off on the north shoulder of the highway and overturned."

In support of its theory that the accident was caused by plaintiff's medical condition, defendant called Judith Bodnar, a physician specializing in internal medicine who treated many individuals with diabetes. Bodnar testified that when the blood sugar level of an individual with diabetes falls too low, it will result in hypoglycemia, which, among other things, creates a "clouded sensorium" and makes the person "zone out." In response to a hypothetical posed by defendant's attorney, Bodnar responded, over plaintiff's objection, that "if a patient appeared

to be zoned out and just drove off the road, that would be typical behavior for hypoglycemia in the mid range" and that she "wouldn't be surprised that there was a hypoglycemic episode." On cross-examination, Bodnar acknowledged that she did not personally examine plaintiff or any records of his treating physician pertaining to his diabetes, and she was unaware of plaintiff ever suffering from a hypoglycemic episode. Notably, she could not state with a reasonable degree of medical certainty that he in fact suffered one on the day of this accident.

In our view, Bodnar's testimony was "too speculative to constitute competent expert proof of causation" (*Duffen v State of New York, supra* at 654), and should have been precluded or stricken (*see, Goverski v Miller*, 282 AD2d 789, 789-790; *Tucker v Elimelech*, 184 AD2d 636, 637). There was insufficient proof of plaintiff's demeanor before or after the accident to clearly support the theory that he was "zoned out" or unconscious before he drove off the road. Based upon that deficiency, combined with the absence of medical support in the record for Bodnar's opinion, we conclude that this expert opinion was not competent. Although defendant maintains that any error in this regard is harmless, we cannot agree. Given the emphasis placed at trial and in summation as to Bodnar's testimony and plaintiff's medical condition, we cannot accept "the argument that the error was not sufficiently prejudicial to warrant a new trial" (*Badr v Hogan*, 75 NY2d 629, 637).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.