■ GLORIA ZAMMIELLO, Appellant, et al., Plaintiff, v SENPIKE MALL COMPANY, Doing Business as SANGERTOWN SQUARE, Respondent. [773 NYS2d 634]—

Appeal from a judgment of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered May 1, 2003. The judgment dismissed the complaint, upon a jury verdict, in a personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Gloria Zammiello (plaintiff) when she fell on a tiled floor in a mall owned by defendant. Plaintiff appeals from a judgment entered upon a jury verdict of no cause for action, contending that she was deprived of a fair trial by the cumulative effect of alleged errors by Supreme Court. We affirm. We reject plaintiff's contention that the court improperly limited the testimony of plaintiffs' expert. " '[O]pinion evidence must be based on facts in the record or personally known to the witness . . . . [The witness] cannot reach this conclusion by assuming material facts not supported by evidence' " (*Hugelmaier v Town of Sweden*, 144 AD2d 934, 935 [1988], *lv dismissed* 74 NY2d 699 [1989], quoting *Cassano v Hagstrom*, 5 NY2d 643, 646 [1959], *rearg denied* 6 NY2d 882 [1959]). Here, the testimony of plaintiffs' expert on the element of causation was without the requisite factual basis and therefore "was 'too speculative to constitute competent expert proof of causation' " (*Pascuzzi v CCI Cos.*, 292 AD2d 685, 687 [2002]). In addition, plaintiffs failed to establish precisely where plaintiff fell, and thus the court properly precluded their expert from testifying with respect to the existence of an allegedly dangerous condition.

Also contrary to plaintiff's contention, the court properly allowed defendant to present evidence concerning the lack of prior accidents in the general area where plaintiff fell. That evidence was "admissible to negate negligence because continued use over a long period of time without incident may indicate that the condition has been proven to be adequate or safe"

(*Cassar v Central Hudson Gas & Elec. Corp.*, 134 AD2d 672, 674 [1987]; *see Orlick v Granit Hotel & Country Club*, 30 NY2d 246, 250 [1972]; *see also Thomas v Kendall* [appeal No. 2], 261 AD2d 964, 965 [1999]). Such evidence is admissible where, as here, defendant establishes that the same allegedly dangerous condition had existed for a number of years (*cf. Thomas,* 261 AD2d at 965; *Cassar,* 134 AD2d at 674). We further reject plaintiff's contention that the court erred in precluding plaintiffs from presenting evidence of accidents that occurred in other areas of the mall. The evidence presented by defendant concerning the lack of prior accidents was confined to the general area in which plaintiff fell, and thus defendant did not thereby open the door to evidence of accidents occurring in other areas of the mall (*see generally Cassar*, 134 AD2d at 674).

We have reviewed plaintiff's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.