■ RICHARD E. PEMBER et al., Appellants, v WILLIAM CARLSON, JR., et al., Respondents. [845 NYS2d 566]—

Lahtinen, J. Appeal from an order of the Supreme Court (Tait, J.), entered July 17, 2006 in Broome County, upon a verdict rendered in favor of defendants.

The primary issue in this appeal is whether Supreme Court erred in permitting defendants' expert engineer to testify at the trial. On the morning of February 7, 2003, plaintiff Richard E. Pember (hereinafter plaintiff) stopped while traveling north on Interstate 81 in Cortland County to assist Lucille Diliello, whose 1990 Dodge car was on fire at the side of the highway. A combination of fog and smoke reportedly created a condition with near zero visibility. Defendant William Carlson, Jr. (hereinafter defendant) was driving northbound in the vicinity and stated that, upon encountering the area of low visibility, he slowed down and attempted to move his 1998 Buick Regal from the travel lane to the right shoulder in order to stop. According to defendant, as he slowed, he felt scraping on the left side and front of his vehicle from a vehicle that hit him, but continued. Meanwhile, plaintiff was in front of Diliello's disabled vehicle extinguishing the fire when he was suddenly thrown a distance of approximately 20 to 30 feet causing injuries to his left shoulder and knee.

Plaintiff and his wife, derivatively, commenced this action against defendant and the vehicle's owner claiming that the vehicle operated by defendant had struck Diliello's vehicle. Defendant denied that he ever struck the Diliello vehicle. Defendants' expert, Alvin Bryski, opined that the accident could not have occurred as asserted by plaintiffs, both because of the postaccident positioning of the vehicles and the extent and location of the damage to the vehicles. Over plaintiffs' objections before and during trial, Supreme Court permitted Bryski to testify. The jury found no negligence and plaintiffs now appeal.

Plaintiffs argue that Bryski should not have been permitted to testify because he lacked the necessary expertise and, furthermore, plaintiffs' motion to strike should have been granted as the testimony was speculative and unreliable. "The admissibility and scope of [expert] testimony is addressed to the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion or an error of law" (*Hudson v Lansingburgh Cent. School Dist.*, 27 AD3d 1027, 1028-1029 [2006] [citations omitted]). Bryski has a Master's degree in civil engineering from Georgia Institute of Technology and was a professor of civil engineering at a community college for over 30 years. He explained his considerable experience in crush evaluation, as well as other aspects of accident reconstruction. He further described his experience and membership in a society of engineers that studies accident reconstruction. He had been retained as an expert in over 2,000 cases and testified at approximately 300 trials. In light of this evidence, as well as

the qualifications listed on his curriculum vitae, which was received into evidence without objection, we find no abuse of discretion in Supreme Court's conclusion that Bryski possessed the requisite skill, training, education, knowledge or experience to be permitted to testify as an expert (*see Matott v Ward*, 48 NY2d 455, 459 [1979]). The fact that he had never obtained an engineering license in this state does not preclude him as an expert if he otherwise establishes adequate qualifications, but instead this goes to the weight of the evidence (*see Eagle Pet Serv. Co. v Pacific Empls. Ins. Co.*, 175 AD2d 471, 471 [1991], *lv denied* 79 NY2d 753 [1992]; *Cutro v Duffy*, 88 AD2d 1007, 1008 [1982]). The refusal to consider Bryski's affidavits in *Morrison v Flintosh* (163 AD2d 646, 647-648 [1990])—a case cited by plaintiffs to Supreme Court and again on appeal—was based upon an improper foundation and the particular papers presented in that case. It was not a wholesale rejection of his qualifications as an expert.

Next, we consider whether plaintiffs' motion to strike Bryski's testimony should have been granted. An expert's opinion cannot be based on speculation but "must be based upon facts either in the record or personally known to the witness" (*Pascuzzi v CCI Cos.*, 292 AD2d 685, 686 [2002]). Bryski testified that the extent of damages to the right rear of Diliello's car would have required a significant impact and that the minor damages to the left front of defendant's car was not sufficient for it to have been the vehicle that impacted the rear of Diliello's car. Additionally, plaintiff had indicated that Diliello's car was located close to the guardrail and behind his pick-up truck prior to the accident, but was somehow thrust to a position directly in front of his vehicle after the impact. Bryski opined that there was "no scientific reason" to explain how Diliello's car could have gone "around" plaintiff's vehicle from a single rear impact. These opinions were based on photographs and testimony of the witnesses. Weaknesses in Bryski's qualifications and theories were thoroughly explored during cross-examination. Those opinions were not, however, entirely speculative or devoid of factual support in the record. Accordingly, Supreme Court did not err in denying plaintiffs' motion to strike Bryski's testimony.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that order is affirmed, with costs.