■ JANINA WOLODKOWICZ, Appellant, v SEEWELL CORP., Respondent. [876 NYS2d 487]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated February 4, 2008, which, upon a jury verdict on the issue of liability finding that the defendant was not negligent, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The plaintiff allegedly sustained injuries when she hit her head against an exterior glass wall of a Dunkin Donuts store leased by the defendant Seewell Corp. She claimed that there was no artificial lighting outside the store at the time of her accident, and that the glass wall appeared to be an open space.

At trial, over the plaintiff's objection, the defendant was permitted to present testimony of a previously undisclosed witness regarding prior incident reports at the Dunkin Donuts, as well as the store's structure and outdoor lighting conditions. The plaintiff previously had demanded disclosure of, inter alia, witnesses to "[t]he nature and duration of any alleged condition which allegedly caused" the plaintiff's accident, and an April 4, 2007 preliminary conference order required a response to her discovery demands within 30 days. In addition, again over the plaintiff's objection, the court permitted the defendant to present photographs of the location of the accident that it had failed to exchange with the plaintiff during discovery.

The jury determined that the defendant was not negligent. Contrary to the plaintiff's contention, the verdict was not con-

trary to the weight of the evidence (see Matthias v Mary Immaculate Hosp., 274 AD2d 559 [2000]).

However, the trial court erred in allowing an undisclosed witness to testify for the defendant (see Kavanaugh v Kuchner, 243 AD2d 445, 446 [1997]), and a new trial is warranted under the circumstances (id.; Skowronski v F & J Meat Packers, 210 AD2d 392, 393 [1994]; Carvache v New York City Tr. Auth., 175 AD2d 41, 42 [1991]). We note that "there is no reason to preclude the witness's testimony at the new trial as the [plaintiff] can no longer claim either surprise or lack of opportunity to prepare a responsive defense" (Kavanaugh v Kuchner, 243 AD2d at 446).

The admission into evidence of the photographs marked exhibits B through F also was error. Defense counsel took the photographs during the lunch recess immediately following the plaintiff's direct trial testimony and did not provide copies to the plaintiff, thereby depriving her of the opportunity to counter them by taking her own photographs. Accordingly, a new trial is warranted for this reason as well (see Dugan v Dieber, 32 AD2d 815 [1969]). The plaintiff's contention that the admission of the defendant's photographs marked exhibits G through I was improper is unpreserved for appellate review as her objection to the admission of these exhibits was withdrawn prior to summation.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dillon, Covello and Leventhal, JJ., concur.