■ BRENDA PERRY, Respondent, v KONE, INC., Appellant. [49 NYS3d 696]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated February 10, 2015, which denied its motion, denominated as one for leave to renew, but which was,

in actuality, one for leave to reargue its prior motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case on the issue of liability, and, in the alternative, pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against it on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial.

Ordered that the appeal from so much of the order as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability in the interest of justice and for a new trial is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff allegedly was injured when an elevator she was riding at a post office misleveled by two or three inches and she fell while attempting to exit. The plaintiff thereafter commenced this action to recover damages for personal injuries against the defendant, which had a full service contract with the post office to maintain and repair the subject elevator. At the ensuing jury trial on the issue of liability, the plaintiff relied upon the doctrine of res ipsa loquitur. Following the close of the plaintiff's case, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law on the ground that the plaintiff failed to establish a prima facie case of negligence. The Supreme Court, in effect, denied the motion, and the jury returned a verdict in the plaintiff's favor. The defendant then submitted a motion denominated as one for leave to renew its CPLR 4401 motion. Alternatively, the defendant moved pursuant to CPLR 4404 (a) to set aside the verdict as not supported by legally sufficient evidence, as contrary to the weight of the evidence, or in the interest of justice. In an order dated February 10, 2015, the court denied the motion, and the defendant appeals from that order.

That branch of the defendant's motion which was denominated as one for leave to renew its prior CPLR 4401 motion was, in actuality, one for leave to reargue because it was not based on new facts (see CPLR 2221 [d] [2]; [e] [2]; *Humsted v New York City Health & Hosps. Corp.*, 142 AD3d 1139, 1140

[2016]; *Kozak v Deb Deb, LLC*, 65 AD3d 616, 617 [2009]). Since an order denying a motion for leave to reargue is not appealable, the appeal from so much of the order as denied that branch of the defendant's motion must be dismissed (*see Humsted v New York City Health & Hosps. Corp.*, 142 AD3d at 1140; *Kozak v Deb Deb, LLC*, 65 AD3d at 617).

" 'A motion for judgment as a matter of law pursuant to CPLR . . . 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party' " (*Messina v Staten Is. Univ. Hosp.*, 121 AD3d 867, 867 [2014], quoting *Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Messina v Staten Is. Univ. Hosp.*, 121 AD3d at 868 [internal quotation marks omitted]; *see Szczerbiak v Pilat*, 90 NY2d at 556). Here, there was a rational process by which the jury could have found in favor of the plaintiff. Contrary to the defendant's contention, to establish the defendant's liability on the basis of res ipsa loquitor, the plaintiff was not required to demonstrate that a prior incident had occurred during which the subject elevator misleveled (*see Devito v Centennial El. Indus., Inc.*, 90 AD3d 595, 596 [2011]; *Garrido v International Bus. Mach. Corp. [IBM]*, 38 AD3d 594, 596 [2007]; *Carrasco v Millar El. Indus.*, 305 AD2d 353, 354 [2003]).

Contrary to the defendant's further contention, there was sufficient evidence to support the Supreme Court delivering a res ipsa loquitur charge to the jury (*see Ramos v Noveau Indus., Inc.*, 29 AD3d 555, 557 [2006]; *see generally Garrido v International Bus. Mach. Corp. [IBM]*, 38 AD3d at 596). In contrast, there was no reasonable view of the facts adduced at trial that could support the conclusion that the plaintiff was at fault to some degree in the happening of the accident, such that the court properly declined to charge the jury on comparative negligence (*see Pilgrim v Wilson Flat, Inc.*, 110 AD3d 973, 974 [2013]; *Marus v Village Med.*, 51 AD3d 879, 881 [2008]). Since the defendant failed to demonstrate that an eyewitness to the accident was under the plaintiff's control, a missing witness charge as to that witness also was not warranted (*see Lacqua v*

*Silich,* 141 AD3d 690, 691 [2016]; *Pope v 818 Jeffco Corp.,* 74 AD3d 1163, 1164 [2010]).

The Supreme Court did not err in permitting the plaintiff's expert to testify to his opinion, which was based on records admitted into evidence (*see Adkins v Queens Van-Plan,* 293 AD2d 503, 504 [2002]). Further, the court did not improvidently exercise its discretion in precluding the defendant from cross-examining the expert regarding his opinions in unrelated cases (*see Grasso v Koslowe,* 38 AD3d 599 [2007]; *Prendergast v Patel,* 301 AD2d 508, 509 [2003]).

However, a new trial is required due to the Supreme Court's error in excluding a witness from the courtroom and in prohibiting the witness from communicating with defense counsel during the trial as to any matter. The witness at issue was an employee of the defendant and the representative it had designated to assist in the defense of this action. Under these circumstances, and in the absence of extenuating circumstances, the witness was entitled to remain in the courtroom throughout the trial (*see Yellow Book of N.Y., L.P. v Cataldo,* 81 AD3d 638, 639 [2011]; *American Print. Converters v JES Label & Tape,* 103 AD2d 787 [1984]; *Carlisle v County of Nassau,* 64 AD2d 15, 18-19 [1978]). Further, the court's decision to prohibit defense counsel from communicating at all with the witness, who was knowledgable about the technical aspects of elevator mechanics and maintenance that were the subject of the testimony of the plaintiff's expert, compromised the defendant's ability to assist in and present its defense (*see People v Santana,* 80 NY2d 92, 99 [1992]; *Carlisle v County of Nassau,* 64 AD2d at 20). Accordingly, a new trial should have been granted in the interest of justice (*see* CPLR 4404 [a]).

Since we are granting a new trial, we note that, although the Supreme Court did not improvidently exercise its discretion in precluding the defendant from presenting the testimony of a witness whose identity the defendant failed to disclose until the first day of trial (*see Crawford v Village of Millbrook,* 94 AD3d 1036, 1037 [2012]; *Wolodkowicz v Seewell Corp.,* 61 AD3d 676, 677 [2009]), there is no reason to preclude the witness's testimony at the new trial as the plaintiff can no longer claim either surprise or lack of opportunity to prepare a responsive defense (*see Wolodkowicz v Seewell Corp.,* 61 AD3d at 677; *Kavanaugh v Kuchner,* 243 AD2d 445, 446 [1997]).

In light of our determination, we need not reach the defendant's remaining contention. Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.