Alvarez v Jawaid (2018 NY Slip Op 05269)





Alvarez v Jawaid


2018 NY Slip Op 05269


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-01685
2016-07401
 (Index No. 705857/13)

[*1]Maritza Alvarez, etc., appellant, 
v
Mohammad Jawaid, etc., et al., respondents.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel, Julie T. Mark, and Ross Raggio of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell and Ari Lessa of counsel), for respondents.
In an action to recover damages for medical malpractice, the plaintiff appeals from two orders of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered February 9, 2016, and June 6, 2016, respectively. The order entered February 9, 2016, insofar as appealed from, granted that branch of the defendants' unopposed motion which was pursuant to CPLR 3126 to dismiss the complaint. The order entered June 6, 2016, denied the plaintiff's motion for leave to reargue.



DECISION & ORDER
Motion by the defendants, inter alia, to dismiss the appeal from the order entered February 9, 2016, on the grounds that, among other things, no appeal lies from an order entered upon the appellant's default, and to dismiss the appeal from the order entered June 6, 2016, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated October 21, 2016, those branches of the motion which were to dismiss the appeals were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order entered February 9, 2016, on the ground that no appeal lies from an order entered upon the appellant's default is granted; and it is further,
ORDERED that the branch of the motion which is to dismiss the appeal from the order entered June 6, 2016, on the ground that no appeal lies from an order denying reargument is granted; and it is further,
ORDERED that the appeals are dismissed, with one bill of costs.
In December 2013, the plaintiff commenced this action to recover damages for medical malpractice. Thereafter, the defendants moved, inter alia, pursuant to CPLR 3126 to dismiss the complaint based upon the plaintiff's failure to comply with discovery demands. In an order entered February 9, 2016, the Supreme Court, among other things, granted that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint, without considering the plaintiff's opposition to the motion, which was rejected as untimely. Thereafter, the plaintiff moved for leave to reargue. In an order entered June 6, 2016, the court denied the plaintiff's motion for leave to reargue. The plaintiff appeals from the orders entered February 9, 2016, and June 6, 2016.
No appeal lies from an order or judgment entered upon the default of the appealing party (see CPLR 5511; Gitzis v Isakov, 150 AD3d 1085). Here, the Supreme Court's determination in the order entered February 9, 2016, to grant that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint, upon rejecting the plaintiff's opposition papers, effectively constituted a granting of that branch of the defendants' motion on default (see Friedman v Starwood Hotels & Resorts World Wide, Inc., 26 AD3d 161; Bell v DeSantis, 279 AD2d 596; Matter of Aetna Cas. & Sur. Co. v Serrano, 181 AD2d 731). Accordingly, the appeal from the order entered February 9, 2016, must be dismissed (see Gitzis v Isakov, 150 AD3d at 1085).
Contrary to the plaintiff's contention, her motion, denominated as a motion for leave to reargue, cannot be deemed a motion for leave to renew, as it was not based on new facts or "a change in the law that would change the prior determination" (CPLR 2221[e][2]; see Feinman v County of Nassau, 154 AD3d 739, 742; Perry v Kone, Inc., 147 AD3d 1091, 1092). Since no appeal lies from an order denying reargument, the appeal from the order entered June 6, 2016, must be dismissed (see Perry v Kone, Inc., 147 AD3d at 1093; Viola v Blanco, 1 AD3d 506, 507).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court