R & E Property Corp., Inc., Appellant,
against
Lido Beach Towers Condominium, Inc., Respondent.




R & E Property Corp., Inc., appellant pro se.
Lido Beach Towers Condominium, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Paul L. Meli, J.), entered August 17, 2016. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this commercial claims action, plaintiff, the owner of a condominium unit in defendant's condominium complex, seeks to recover the principal sum of $4,052.32, representing three months of common charges, based upon defendant allegedly having changed the locks to plaintiff's apartment without proper notice or authority.
At a nonjury trial where both parties were unrepresented, plaintiff's principal testified, as did defendant's condominium board president, defendant's general manager, and defendant's director of property management. Plaintiff objected to defendant's witnesses being present at trial during each other's testimony. The court overruled the objection, stating, "If anyone's going to be a fact witness, then you really shouldn't be present when another fact witness is testifying because the theory being you don't want to be influenced by the person who has—who's previously testified before you, but you all do have direct responsibilities and relationships to the condominiums so I'm going to allow everybody to remain." Following the trial, the District Court awarded defendant judgment dismissing the action, without making any findings of fact.
On appeal, plaintiff's sole contention is that the court improperly allowed defendant's witnesses to be present and confer with one another during trial.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
A trial in a commercial claims actions shall be conducted "in such manner as [the court] deems best suited to discover the facts and to determine the justice of the case" (Uniform Civil [*2]Rules for Dist Cts [22 NYCRR] § 212.41 [i]). Commercial claims courts are "given wide latitude and discretion in the conduct of the proceedings" (Buonomo v Stalker, 40 AD2d 733, 733 [1972]). Courts have held that it is reversible error to exclude from trial witnesses who represent a party (see Perry v Kone, Inc., 147 AD3d 1091, 1094 [2017]; Carlisle v County of Nassau, 64 AD2d 15, 18 [1978] ["A party to a civil action not in default is entitled to be present in the courtroom and be represented by counsel at all stages during the actual trial of the action"]; see also Sherman v Irving Merchandise Corp., 26 NYS2d 645, 645 [App Term, 1st Dept 1941] ["Great caution should be exercised in considering an application to exclude the officers of corporations, or a representative in charge of the matters litigated"]; see generally UDCA 1809-A [d] ["A corporation may appear as a party in any (commercial claims) action . . . by any authorized officer, director or employee of the corporation provided that the appearance by a non-lawyer on behalf of a corporation shall be deemed to constitute the requisite authority to bind the corporation in a . . . trial"]).
Here, each of defendant's witnesses was either an officer or employee of defendant and was necessary "to assist in the defense of this action" (Perry, 147 AD3d at 1094). Consequently, the District Court did not improvidently exercise its discretion in not excluding the witnesses. Moreover, the specific discussions between defendant's witnesses, which plaintiff points to on appeal, were properly allowed, as a matter of the court's discretion to conduct the trial in a manner deemed "best suited to discover the facts and to determine the justice of the case" (Uniform Civil Rules for Dist Cts [22 NYCRR] § 212.41 [i]).
Consequently, we find no basis to disturb the District Court's determination, as it provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804-A, 1807-A).
Accordingly, the judgment is affirmed.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2018